O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL JOSEPH ALBIDREZ, | ) | CASE NO. ED CV 14-01324 RZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of  Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Michael Joseph Albidrez again seeks review of a decision by the Social Security Commissioner denying his application for disability benefits.  Review of a prior application ended with an affirmance of the Commissioner's denial.  *Albidrez v. Astrue*, ED CV 12-590 RZ (C.D. Cal. ) (judgment entered February 19, 2013).  In response to the present application, the Commissioner again found Plaintiff not disabled, and Plaintiff again has sought review.  The Court again affirms.

Plaintiff raises a single issue:  whether the Administrative Law Judge wrongly gave no weight to the opinion of Dr. Kounang as to Plaintiff's residual functional capacity.  [AR 16]   Dr. Kuonang filled out a questionnaire indicating that Plaintiff had little exertional capacity.  According to that questionnaire, Plaintiff could lift less than 10 pounds, even on an occasional basis; could stand and walk less than two hours in an eight hour day; could sit about four hours in an eight hour day; must walk around every twenty

1    minutes, for about twenty minutes; and could never stoop, crouch, climb stairs or climb

2    ladders. [AR 346-47]

3            The record does not make clear if Dr. Kounang was Plaintiff's treating

4    physician, but the Court proceeds as if he were.  A treating physician's opinion generally

5    is entitled to deference, but can be rejected in favor of another physician's opinion if the

6    Administrative Law Judge gives specific and legitimate reasons.  *Garrison v. Colvin*, 759

7    F.3d 995, 1012 (9th Cir. 2014).  An uncontradicted medical opinion of a treating physician

8    can be rejected only for clear and convincing reasons.  *Reddick v. Chater,* 157 F.3d 715,

9    725 (9th Cir. 1998).  The Administrative Law Judge can meet his burden by setting out a

10   detailed and thorough summary of the facts and conflicting clinical evidence, stating his

11   interpretation thereof, and making findings.  *Magallanes v. Bowen*, 881 F.2d 747, 751

12   (1989), citing  *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986).

13           In giving no weight to the opinion of Dr. Kounang, the Administrative Law

14   Judge stated that Dr. Kounang did not provide any clinical findings to support the extreme

15   functional limitations he recommended.  [AR 16]  In this, the Administrative Law Judge

16   was correct.  Whenever asked on the questionnaire what medical findings support the

17   limitations, the only findings that Dr. Kounang referenced were "degenerative cervical and

18   lumbar." [AR 347]  There is no doubt that Plaintiff had degenerative disease of the spine,

19   and the Administrative Law Judge so found.  [AR 12]  But residual functional capacity

20   measures the impact, not the existence of an impairment; it is a statement of the most a

21   claimant can do despite the existence of an impairment.  20 C.F.R. § 404.1545(a)(1).  Thus,

22   merely identifying the impairment itself is not a "finding" that supports the capacity

23   Dr. Kuonang suggested.

24           The Administrative Law Judge also stated that Dr. Kounang's assessment was

25   not consistent with the treatment notes and objective findings.  [AR 16]  Consistent with

26   *Magallanes*, the Administrative Law Judge discussed the medical evidence thoroughly and

27   offered her interpretations of the evidence.  She identified the places in the record

28   indicating that treatment was routine and conservative.  She identified the particular

1   medical records indicating very mild medical findings, and how she interpreted them to

2   indicate a much greater functional capacity.  She referred to the report of an examining

3   neurosurgeon who also indicated mild findings.  And she referred to contemporaneous

4   medical recordings that Plaintiff's back pain was controlled with medication (contrary to

5   what Plaintiff testified to at the hearing.)  She did what the law requires in order to reject

6   the opinion.

7           The Administrative Law Judge was justified in rejecting Dr. Kuonang's

8   proposed functional capacity.  The decision of the Commissioner accordingly is affirmed.

9

10          DATED:   March 10, 2015

11

12                                          _____

13                                          RALPH ZAREFSKY
                                            UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28